UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 11  3 16 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

ALICE MURPHY

v.                                CASE NO. 3:03CV 173 (MRK)

DANIEL K. KWIATEK                 December 10, 2003
SULLIVAN, CROSS & DAVIS, INC.

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT

Principles of Construction

1. The FDCPA is a strict liability statute. Proof of only one violation is sufficient to support judgment for plaintiff. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60 (2d Cir. 1993).

2. Because the FDCPA is a strict liability statute, there are no unimportant violations. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 63 (2d Cir. 1993) (there are no nonactionable violations); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F. 3d 1232 (5th Cir. 1997) (same).

3. The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Financial Systems, Inc., 839 F. Supp. 941, 944 (D. Conn. 1993).

4. The standard used to determine whether something is deceptive or misleading is whether the "least sophisticated consumer" could have been deceived or misled. Clomon, 988 F.2d at 1318. The "least sophisticated consumer" is a

naive, credulous, gullible, ignorant, unthinking, person of "below-average sophistication or intelligence" "with a rudimentary amount of information about the world and a willingness to read a collection notice with some care."

Id.

Violations

The violations are set forth in the plaintiff's Affidavit.

Damages

1. Statutory damages are meant to deter violations of the Fair Debt Collection Practices Act. When the FDCPA was enacted in 1976, the award was capped at $1,000. In today's dollars, the value of $1,000 is actually around $5,000. Courts in this district and elsewhere routinely award the maximum $1,000. Clomon v. Jackson, 988 F.2d 1314, 1323 (2d Cir. 1993); Austin v. Great Lakes Collection Bureau, Inc., Civil No. 3:92CV263 (RNC) (HBF) Doc. No. 60; Kimberly v. Great Lakes Collection Bureau, Inc., Civil No. 3:91CV220 (HBF) (Doc. Nos. 49, 79); Herbert v. Monterey Financial Services, Inc., Civil No. 3:93CV523 (AHN) Doc. No. 31; Kizer v. American Credit & Collections, Civil No. B-90-78 (TFGD) Doc. No. 78 (endorsement); Dowin v. Goldman, Civil No. 3:94CV1394 (PCD) Doc. No. 8 ($3,000).

Elsewhere, the $1,000 is routinely awarded. E.g., Edwards v. National Business Factors, Inc., 897 F. Supp. 455, 458 (D. Nev. 1995) ($1,000 for §1692g violation); Tolentino v. Friedman, 46 F.3d 645, 649 (7th Cir. 1995) (§1692e(11)

notice); Chauncey v. JDR Recovery Corp., 118 F.3d 516 (1997) (short truncation of 30-day notice); Withers v. Eveland, 988 F. Supp. 942, 948 (E.D. Va. 1997) (overshadowing).

2. Punitive damages. Punitive damages are available under CUTPA where the defendant's conduct "shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Vandersluis v. Weil, 176 Conn. 353, 358 (1978). A defendant should have some incentive to comply with the law in situations where actual damages are sometimes difficult to prove. Bailey Employment System, Inc. v. Hahn, 545 F. Supp. 62, 73 (D. Conn. 1982), *aff'd*, 723 F.2d 895 (2d Cir. 1983). Punitive damages are meant to provide that incentive. Anderson v. United Finance Co., 666 F.2d 1274, 1278 (9th Cir. 1982).

Punitive damages are proper under the circumstances of this case. See Wrightington v. Nationwide Capital Recovery, Civil No. 3:02CV 1175 (JBA) (JGM) (D. Conn. Jan 6, 2003) (copy attached)

3. Injunctive relief. Injunctive relief is available under CUTPA, where the only statutory standard is the discretion of the court. Conn. Gen. Stat. §42-110g(a), (d).

Attorney's Fees

An award of fees is mandatory in FDCPA cases. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997); Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995) (George C. Pratt, C.J.); Graziano v. Harrison, 950 F.2d 107,

113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general"). Where, as here, an attorneys fee provision is phrased in mandatory terms, "fees may be denied a successful plaintiff only in the most unusual of circumstances." De Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending).

> Civil suits will deter abusive practices only if it is economically feasible for consumers to bring them. Unless consumers can recover attorneys fees it may not be possible for them to pursue small claims....[U]nscrupulous collection agencies have little to fear from such suits if consumers must pay thousands of dollars in attorney fees to protect hundreds. Congress recognized this problem and specifically provided for the award of attorney fees to successful plaintiffs.

Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984).

In Perez v. Perkiss, 742 F. Supp. 883 (D. Del. 1990), an FDCPA case, the court awarded over $10,000 in fees on a $1200 jury verdict, including 11 hours defending the fee petition. See also Norton v. Wilshire Credit Corp., 36 F. Supp. 2d 216 (D.N.J. 1999) (awarding over $57,000 in fees in an FDCPA case).

Fees are mandatory even if there had been no award of actual or statutory damages. Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989); Pipiles v. Credit Bureau of Lockport, 886 F.2d 22, 28 (2d Cir. 1989).

## CONCLUSION

Judgment should enter as requested.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the undersigned mailed a copy of the foregoing and attached on December 10, 2003, postage prepaid, to:

Daniel Kwiatek, President.
Sullivan Cross & Davis, Inc.
PO Box 535
Wenham MA 01984

_____
Joanne S. Faulkner