10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WRIGHTINGTON                            :

v.                                      :   NO. 3:02cv1175 (JBA)

NATIONWIDE CAPITAL RECOVERY,
JOHN FORSYTHE                           :

FILED
FEB 13  2 33 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN

### ENDORSEMENT ORDER [DOC. #9]

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 2 of the Local Rules for United States Magistrates (D.Conn. 1995), after review and absent any objection filed, this ruling is APPROVED and ADOPTED as the ruling of this Court. Judgment shall enter in favor of the plaintiff against defendants in the total amount of $7,440.44, including fees and costs.

The Clerk is directed to close this case.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut: **February 12, 2003**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
:
LESLIE WRIGHTINGTON            :    3:02 CV 1175 (JBA)
:
v.                             :
:
:    DATE: JAN. 6, 2003
NATIONWIDE CAPITAL RECOVERY, et al. :
-----------------------------------------------------------x

### RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff filed this action on July 10, 2002, naming as defendants Nationwide Capital Recovery and its president, John Forsythe. (Dkt. #1). Defendant Forsythe received service of process on September 3, 2002 and defendant Nationwide Capital Recovery on September 4, 2002. (Dkt. #3). On September 30, 2002, plaintiff filed a Request to Enter Default against defendants for failure to answer, which the Clerk granted four days later. (Dkt. #4). On November 4, 2002, plaintiff filed a Motion for Judgment Upon Default and brief in support against defendants (Dkts. ##5-6), which United States District Judge Janet Bond Arterton granted on December 27, 2002, after defendants failed to respond. (Dkt. #7). That same day, this motion was referred to this Magistrate Judge for a recommended ruling on damages. (Dkt. #8).

Under the Federal Rules of Civil Procedure, judgment by default may be entered by the court upon application and after written notice is served upon the defaulting party:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED. R. CIV. P. 55(b)(2).

Under Rule 55(b)(2) this court has the discretion to enter a default judgment without a hearing, as long as the party against whom the judgment is sought has notice of the impending judgment, and detailed affidavits or documentary evidence are available to ensure that there is a basis for the specific judgment entered. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)(citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 39-40 (2d Cir 1989)); see also Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d. Cir. 1993)(a single affidavit only partially based on real numbers would not be enough.); see Sony Music Entm't Inc. v. Pedestal, Inc., 2002 U.S. Dist. LEXIS 6662 at *5 (S.D.N.Y. 2002)("The Court need not hold a hearing . . . as long as it has: (i) determined the proper rule for calculating damages on the claim, and (ii) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment."). On the other hand, the "strong policies favoring the resolution of genuine disputes on their merits," as well as the possibility of relief from the default judgment "for good cause shown," In re Martin-Trigona, 763 F.2d 503, 505 (2d Cir. 1985), limits the discretion of this court, and justifies the requirement of "strict compliance with the legal prerequisites establishing the court's power to render the judgment [sought]." Varnes v. Local 91, Glass Bottle Blowers, 674 F.2d 1365, 1369 (11th Cir. 1982).

In the present case, plaintiff alleges that defendant, Nationwide Capital Recovery, an unlicensed consumer collection agency which has been the subject of prior complaints, violated the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692e, f & g, by mailing plaintiff a misleading letter, dated March 20, 2002, seeking to collect a personal bill in the amount of $54.04. (Dkt. #5). Plaintiff seeks relief pursuant to FDCPA, a strict liability statute, and the Connecticut Unfair Trade Practices Act ["CUPTA"]. (Dkt. #6). Plaintiff requests $1,000 statutory damages pursuant to FDCPA, $5,000 punitive damages

2

AO 72A
(Rev. 8/82)

pursuant to CUTPA, $1,200 in attorney's fees and $240.44 for costs, totaling $7,440.44. (Dkt. #5).

If the documentary evidence of damages is sufficient to justify entry of a judgment without a hearing, and no objection is made by defendant thereto, this court will not hesitate to exercise its discretion under Rule 55(b)(2) and grant plaintiff the judgment sought. See Ackerman v. Levine, 788 F.2d 830, 842 (2d Cir. 1986)("By defaulting, a defendant ensures that a judgment will be entered against him, and assumes the risk that an irrevocable mistake of law or fact may underlie that judgment.")(citations omitted). In this case, the proof of the damages that plaintiff is seeking from defendants has been provided in detailed affidavits and documentary evidence substantiating the harm plaintiff claims to have suffered. Additionally, plaintiff has served copies of the above to the defendants. Accordingly, plaintiff's request for entry of default judgment (Dkt. #5) in the amount $1,000 statutory damages pursuant to FDCPA, $5,000 punitive damages pursuant to CUTPA, $1,200 in attorney's fees and $240.44 for costs, totaling $7,440.44 is **granted.**

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 6th day of January, 2003.

Joan Glazer Margolis
United States Magistrate Judge

3

AO 72A
(Rev. 8/82)