UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
ALICE MURPHY                      :
                                  :
         Plaintiff,               :
                                  :        CIVIL ACTION NO.
    v.                            :        3:03-cv-173 (MRK)
                                  :
DANIEL K. KWIATEK, et al.         :
                                  :
         Defendants.              :
---------------------------------------------------x

## RECOMMENDED RULING ON DAMAGES

### BACKGROUND

Alice Murphy (hereafter "Ms. Murphy" or "Plaintiff") alleges that the named defendants engaged in the practice of debt collection in Connecticut without obtaining the appropriate license. (Compl. ¶¶ 6-7). Ms. Murphy brought suit pursuant to, *inter alia*, the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. §1692 and the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. §§ 42-110a *et seq*. In her complaint, plaintiff sought declaratory and injunctive relief; compensatory and punitive damages; costs and attorneys' fees.(Compl. Prayer for Relief ¶¶ 1-3). Plaintiff's motion for default judgment was granted by District Judge Kravitz. The case was referred to the undersigned for a determination of damages.

The undersigned held a hearing on damages at which the defendants were not present. At the hearing, Ms. Murphy's counsel presented evidence of defendants' debt collection activities within this state.

### DISCUSSION

Once a default judgment is entered, a defendant is deemed to have admitted all of the

well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993). Because the plaintiff's default judgment motion against defendants was granted, they are deemed to have admitted violating the Fair Debt Collections Practices Act ("FDCPA"). Here, plaintiff alleges that defendants violated the FDCPA by issuing a dunning letter to her without first being licensed in the State of Connecticut. Plaintiff relies on authority for her position that attempting to collect a debt in a state where a it is not licensed constitutes a violation of the FDCPA. In Gaetano v. Payco of Wisconsin, Inc., 774 F. Supp. 1404, 1414-1415 (D. Conn., 1990), District Judge Daly found a debt collector violated § 1692e(5) of the FDCPA "by threatening to take action that legally could not be taken" because it was not authorized to actually collect the debt in this state.[1]

In accordance with her statutory rights under §15 U.S.C. §1692k(a)2(A), Ms. Murphy is entitled to up to $1000 in damages. The undersigned finds damages an award of damages the amount of $1000 to be reasonable. Ms. Murphy also seeks punitive damages in the amount of $5000 pursuant to CUTPA. Punitive damages are available under CUTPA when "the defendant acted in reckless disregard of the injuries that the plaintiff would suffer and actually did suffer as a result of the defendant's tortious conduct." See Casting Supply House, Inc. v. Elf Atochem NA, Inc., 34 Fed. Appx. 412, 414 (2d Cir., 2002)(affirming the district court's awarding of punitive damages under CUTPA). Here, defendants have conceded a violation of CUTPA by defaulting

---

1. "For the similar reasons, the Court holds that the defendant's unlicensed actions as a collection agency in the state of Connecticut constituted an "unfair or unconscionable" method of debt collection in violation of § 1692f. By failing to seek the proper license from the state banking commissioner, for example, the defendant deprived the plaintiff of her right as a consumer debtor residing within the state to have the defendant's qualifications as a collection agency reviewed by state authorities." Id. at n. 8.

in this action and the undersigned finds punitive damages to be appropriate in this case.

Ms. Murphy also requested that her counsel's fees be reimbursed. The FDCPA provides for an awards of attorney fees to a prevailing party. "In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."15 U.S.C. §1692k(a)3. Here, Ms. Murphy seeks $1,350 in attorney fees and costs in the amount of $150. The undersigned finds this amount to be reasonable.

## RECOMMENDED DAMAGES

The undersigned recommends that Ms. Murphy be awarded statutory damages in the amount of $1,000. The undersigned recommends that Ms. Murphy should be awarded punitive damages in the amount of $5,000. The undersigned recommends Ms. Murphy be awarded $1,350 in reasonable attorney's fees. The undersigned recommends Ms. Murphy be reimbursed for $150 in costs she incurred in filing this action.

## CONCLUSION

The undersigned recommends that judgment in the amount of **$7,500** be entered in favor of the plaintiff. Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; D. Conn. L. Civ. R. 72 for Magistrate Judges; FDIC v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995).

So ordered this 10th day of September 2004, at Bridgeport, Connecticut.

*/S/ William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge